1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARVIN L. JOHNSON,                          Civil No.    08cv0115-L (JMA)

12                          Petitioner,
                                                 **ORDER DISMISSING PETITION**
13            v.                                 **WITHOUT PREJUDICE**

14   STATE OF CALIFORNIA, et al.,

15                          Respondents.

16          Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254, and has paid the $5.00 filing fee.  The Petition is subject

18   to dismissal, however, because Petitioner has failed to name a proper Respondent.

19          On federal habeas, a state prisoner must name the state officer having custody of him as

20   the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a),

21   28 U.S.C. foll. § 2254).  "Typically, that person is the warden of the facility in which the

22   petitioner is incarcerated."  Id.  Federal courts lack personal jurisdiction when a habeas petition

23   fails to name a proper respondent.  See id.

24          The warden is the typical respondent.  However, "the rules following section 2254 do not

25   specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the

26   institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

27   institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

28   petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

1   be the state officer who has official custody of the petitioner (for example, the warden of the

2   prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

3        Here, Petitioner has incorrectly named "State of California," "Gov. Schwarzenegger" and

4   "Bill Lockyer, Attorney General of the State of California" as Respondents.  A long standing

5   rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against

6   the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is

7   [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125,

8   126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the

9   custodian of the state prisoner, the person who will produce "the body" if directed to do so by

10  the Court.  "Both the warden of a California prison and the Director of Corrections for California

11  have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.  Thus, the State of

12  California and the Governor of California are not proper Respondents to this action.

13       Additionally, Bill Lockyer, the Attorney General of the State of California, is not a proper

14  respondent in this action.  Rule 2 of the Rules following § 2254 provides that the state officer

15  having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254.

16  However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under

17  the state-court judgment being contested, the petition must name as respondents both the officer

18  who has current custody and the attorney general of the state where the judgement was entered."

19  Rule 2 (b), 28 U.S.C. foll. § 2254.  Here, there is no basis for Petitioner to have named the

20  Attorney General as a respondent in this action.

21       In order for this Court to entertain the Petition filed in this action, Petitioner must name

22  the warden in charge of the state correctional facility in which Petitioner is presently confined

23  or the Secretary of the California Department of Corrections and Rehabilitation.  Brittingham

24  v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

25  / / /

26  / / /

27  / / /

28  / / /

1    Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's

2    failure to name a proper respondent.  To have this case reopened, Petitioner must file a First

3    Amended Petition no later than **March 24, 2008** in conformance with this Order.  The Clerk of

4    Court shall send Petitioner a blank Southern District of California habeas petition form along

5    with a copy of this Order.

6        **IT IS SO ORDERED.**

7

8    DATED:  January 25, 2008

9

10                                                    M. James Lorenz
                                                     United States District Court Judge

11   Copies to:   ALL PARTIES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28