# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. JOHNSON,<br><br>          Petitioner,<br><br>  v.<br><br>JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation,<br><br>          Respondent. | Civil No.   08cv0115-L (JMA)<br><br>**ORDER:**<br><br>**(1)  REOPENING CASE AND SETTING BRIEFING SCHEDULE; AND,**<br><br>**(2)  SUA SPONTE SUBSTITUTING RESPONDENTS** |

  On January 18, 2008, Petitioner, proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In its January 24, 2008 Order, the Court dismissed this case without prejudice because Petitioner had failed to name a proper Respondent. Petitioner was instructed that to have this case reopened he had to file a First Amended Petition no later than March 24, 2008.

  On March 24, 2008, Petitioner filed a First Amended Petition pursuant to this Court's Order.  Based on this Court's review of the First Amended Petition, the Court **ORDERS** that this case be reopened.

  Petitioner has named as Respondents Edward S. Alamedia, Jr., the former Director of the California Department of Corrections and Rehabilitation's predecessor entity the California

1  Department of Corrections, and California Attorney General Edmund G. Brown.  The Court sua
2  sponte substitutes James E. Tilton, the Secretary of the California Department of Corrections and
3  Rehabilitation as Respondent in place of Edward S. Alamedia, Jr.  In addition, the California
4  Attorney General is not a proper Respondent to this action.  Rule 2 of the Rules following
5  § 2254 provides that the state officer having custody of the petitioner shall be named as
6  respondent. Rule 2(a), 28 U.S.C. foll. § 2254.  However, "[i]f the petitioner is not yet in custody
7  – but may be subject to future custody – under the state-court judgment being contested, the
8  petition must name as respondents both the officer who has current custody and the attorney
9  general of the state where the judgement was entered."  Rule 2 (b), 28 U.S.C. foll. § 2254.  Here,
10 there is no basis for Petitioner to have named the Attorney General as a respondent in this action.
11 Thus, the Court sua sponte substitutes James E. Tilton as Respondent in place of Edward S.
12 Alamedia, Jr. and Edmund G. Brown.

13       Further, in accordance with Rule 4 of the rules governing petitions for a writ of habeas
14 corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the First Amended
15 Petition ("Petition"), **IT IS ORDERED** that:

16       1.      The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy
17 of this Order on the Attorney General for the State of California, or his authorized agent; and
18 (b) serve a copy of this Order on Petitioner.

19       2.      If Respondent contends the Petition can be decided without the Court's reaching
20 the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to
21 exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition
22 is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of
23 the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that
24 Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the
25 Rules Governing § 2254 Cases no later than **May 30, 2008**.  The motion to dismiss shall not
26 address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which

Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

     3.     If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **June 30, 2008**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

     4.     Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

     5.     If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>as well as points and authorities in support of such answer</u>, no later than **June 16, 2008**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

     6.     Petitioner may file a traverse to matters raised in the answer no later than **July 16, 2008**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered.

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause
2  shown.

3      7.    A request by a party for an extension of time within which to file any of the
4  pleadings required by this Order should be made in advance of the due date of the pleading, and
5  the Court will grant such a request only upon a showing of good cause. Any such request shall
6  be accompanied by a declaration under penalty of perjury explaining why an extension of time
7  is necessary.

8      8.    Unless otherwise ordered by the Court, this case shall be deemed submitted on the
9  day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10      9.    Every document delivered to the Court must include a certificate of service
11  attesting that a copy of such document was served on opposing counsel (or on the opposing
12  party, if such party is not represented by counsel). Any document delivered to the Court without
13  a certificate of service will be returned to the submitting party and disregarded by the Court.

14      10.    Petitioner shall immediately notify the Court and counsel for Respondent of any
15  change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner
16  may be contacted, this action will be subject to dismissal for failure to prosecute.

17  **IT IS SO ORDERED.**

18  DATED: March 27, 2008

19
20  Jan M. Adler
    U.S. Magistrate Judge