1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | KEVIN VIENNA
Supervising Deputy Attorney General
5 | DOUGLAS P. DANZIG, State Bar No. 153048
Deputy Attorney General
6 | 110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-2285
Fax: (619) 645-2271
9 | Email: Doug.Danzig@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **MARVIN L. JOHNSON,**    08cv0115-L (JMA)

15 | Petitioner,    **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED PETITION FOR**

16 | **v.**    **WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS**

17 | **JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation,**    **AND AUTHORITIES IN SUPPORT THEREOF**

18 | Respondent.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

## TABLE OF CONTENTS

2

Page

3    MEMORANDUM OF POINTS AND AUTHORITIES                                    3

4        I.    **PROCEDURAL BACKGROUND**                                    3

5        II.   **FACTUAL BACKGROUND**                                       4

6        III.  **THE PETITION SHOULD BE DISMISSED WITH PREJUDICE**
               **BECAUSE PETITIONER FAILED TO FILE IT WITHIN THE**
7              **STATUTE OF LIMITATIONS**                                   4

8              A.    The Date The Judgment Became Final                     6

9              B.    Petitioner Does Not Qualify For A Later Start Date Under The
                     Provisions Of Sections 2244(d)(1)(B), 2244(d)(1)(C), or 2244 (d)(1)(D)    6
10
               C.    Tolling                                               6
11
     CONCLUSION                                                            9
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

**Cases**

*Barrow v. New Orleans S.S. Ass'n.*
932 F.2d 473 (5th Cir. 1991)                                    5

*Carey v. Saffold*
536 U.S. 214
122 S. Ct. 2134
153 L. Ed. 2d 260 (2002)                                        7

*Delhomme v. Ramirez*
340 F.3d 817 (9th Cir. 2003)                                    7

*Duncan v. Walker*
533 U.S. 167 (2001)                                             5, 8

*Evan v. Chavis*
126 S. Ct. 846
163 L. Ed. 2d 684 (2006)                                        7

*Furman v. Wood*
190 F.3d 1002 (9th Cir. 1999)                                   4

*Irwin v. Dept. of Veterans Affairs*
498 U.S. 89
111 S. Ct. 453
112 L. Ed. 2d 435 (1990)                                        5

*Lawrence v. Florida*
___ U.S. ___
127 S. Ct. 1079 (2007)                                          5

*Lindh v. Murphy*
521 U.S. 320
117 S. Ct. 2059
138 L. Ed. 2d 481 (1997)                                        4

*Miles v. Prunty*
187 F.3d 1104 (9th Cir. 1999)                                   5

*Miranda v. Castro*
292 F.3d 1063 (9th Cir. 2002)                                   5

*Nino v. Galaza*
183 F.3d 1003 (9 Cir. 1999)                                     7

*Pace v. DiGuglielmo*
544 U.S. 408 (2005)                                             5

*Pliler v. Ford*
542 U.S. 225 (2004)                                             5

## TABLE OF AUTHORITIES  (continued)

Page

*Smith v. Duncan*
297 F.3d 809 (9th Cir. 2002)                                                   6

*Solomon* v. *United States*
467 F.3d 928 (6th Cir. 2006)                                                  5

*Wixom v. Washington*
264 F.3d 894 (9th Cir. 2001)                                                  6


**Constitutional Provisions**

United States Constitution
  Fourth Amendment                                                  6


**Statutes**

28 United States Code
  § 2244(d)                                                   1, 4, 5, 8
  § 2244(d)(1)                                                          5
  § 2244(d)(1)(B)                                                       6
  § 2244(d)(1)(C)                                                       6
  § 2244(d)(1)(D)                                                       6
  § 2244(d)(2)                                                       7, 8
  § 2254                                                             1, 3
  § 2255                                                                5

California Penal Code
  § 667(b)-(i)                                                          3
  § 667.5(b)                                                            3
  § 1170.12                                                             3
  § 12020(a)(1)                                                         3


**Court Rules**

California Court Rules
  Rule 24                                                               6
  Rule 28                                                               6
  Rule 45                                                               6
  Rule 8.264                                                            6
  Rule 8.500(e)(1)                                                      6


**Other Authorities**

Antiterrorism and Effective Death Penalty Act (AEDPA)                      4, 5

08cv0115-L (JMA)

iii

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  DOUGLAS P. DANZIG, State Bar No. 153048
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-2285
     Fax: (619) 645-2271
9    Email: Doug.Danzig@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **MARVIN L. JOHNSON,**                    08cv0115-L (JMA)

15                              Petitioner,   **NOTICE OF MOTION AND
                                              MOTION TO DISMISS FIRST
16       v.                                   AMENDED PETITION FOR
                                              WRIT OF HABEAS CORPUS;
17  **JAMES E. TILTON, Secretary of the California**   **MEMORANDUM OF POINTS
    Department of Corrections and Rehabilitation,**    **AND AUTHORITIES IN
                                              SUPPORT THEREOF**
18                              Respondent.

19

20

21          RESPONDENT, James E. Tilton, by and through counsel, Edmund G. Brown Jr., Attorney

22  General for the State of California, and Douglas P. Danzig, Deputy Attorney General, moves this

23  Court for dismissal of the pending First Amended Petition for Writ of Habeas pursuant to 28 U.S.C.

24  § 2254 (FAP). Respondents seeks dismissal on the ground that the FAP is time-barred pursuant to

25  28 U.S.C. § 2244 (d).

26  ///

27  ///

28  ///

1    Wherefore, for the reasons set forth in the attached Memorandum of Points And

2  Authorities, Respondent respectfully requests that the Petition be dismissed.

3    Dated:  June 26, 2008

4    Respectfully submitted,

5    EDMUND G. BROWN JR.
     Attorney General of the State of California

6    DANE R. GILLETTE
     Chief Assistant Attorney General

7    GARY W. SCHONS
     Senior Assistant Attorney General

8

9    KEVIN VIENNA
     Supervising Deputy Attorney General

10

11    s/Douglas P. Danzig

12    DOUGLAS P. DANZIG
      Deputy Attorney General

13    Attorneys for Respondent

14  DPD:dp

15  70128637.wpd
    SD2008700256

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv0115-L (JMA)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### PROCEDURAL BACKGROUND

4

5        On April 6, 2004, in San Diego County Superior Court case number SCS181476,

6   Petitioner pled guilty to one count of unlawful possession of a billy (Cal. Penal Code § 12020(a)(1)),

7   and admitted a prior strike (Cal. Penal Code §§ 667(b)-(i), 1170.12), and two prison priors (Cal.

8   Penal Code § 667.5(b)). (Lodgment 1, at 1.) The court sentenced Petition to prison for a term of 44

9   months. (Lodgment 1, at 1.)

10        Petitioner appealed the judgment, California Court of Appeal case number D044713.

11   (Lodgment 1, at 2.) In an unpublished opinion filed January 28, 2005, the State Court of Appeal

12   affirmed the judgment. (Lodgment 1, at 2.)

13        On February 27, 2006, Petitioner filed a Petition For Writ Of Habeas Corpus with the San

14   Diego County Superior Court, case number HSC10808. (Lodgment 1, at 2; Lodgment 2.) In an

15   order filed April 6, 2006, the Superior Court denied the petition in case number HSC10808.

16   (Lodgment 1.)

17        On July 24, 2006, Petitioner filed a Petition For Writ Of Habeas Corpus with the

18   California Court of Appeal, case number D049057. (Lodgment 3.) In an order filed September 20,

19   2006, the State Court of Appeal denied the petition in case number D049057. (Lodgment 4.)

20        On March 6, 2007, Petitioner filed a Petition For Writ Of Habeas Corpus with the

21   California Supreme Court, case number S150730. (Lodgment 5.) In an order filed March 28, 2007,

22   the California Supreme Court denied the petition in case number S150730. (Lodgment 6.)

23        On January 18, 2008, Petitioner filed a Petition For Writ Of Habeas Corpus Under 28

24   U.S.C. § 2254 By A Person In State Custody. In an Order filed January 24, 2008, this Court

25   dismissed the case without prejudice because Petitioner had failed to name a proper Respondent.

26        On March 24, 2008, Petitioner filed the FAP. In an Order filed March 27, 2008, this Court

27   Ordered the case reopened and Ordered Respondent to file either a motion to dismiss the FAP or an

28   answer to the FAP.

08cv0115-L (JMA)

## II.

### FACTUAL BACKGROUND

The facts are not relevant to the basis of this Motion To Dismiss.  Therefore, Respondent has omitted the traditional Factual Background portion of the Motion.

## III.

### THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PETITIONER FAILED TO FILE IT WITHIN THE STATUTE OF LIMITATIONS

Because Petitioner filed his SAP after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999), *citing Lindh v. Murphy*, 521 U.S. 320, 336-338, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). As amended by the AEDPA, 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

08cv0115-L (JMA)

4

1    The United States Supreme Court has not resolved the question of whether the limitations

2    period of § 2244(d)(1) (or § 2255, ¶ 6) may be tolled for "equitable" reasons. *Lawrence v. Florida*,

3    ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether §2244(d) allows for

4    equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8 (2005) (*Pace*) ("We have never

5    squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of

6    limitations."); *Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("We . . . have no occasion to address

7    the question that Justice Stevens raises concerning the availability of equitable tolling."); *cf. Pliler*

8    *v. Ford*, 542 U.S. 225 (2004); *see also Solomon* v. *United States*, 467 F.3d 928, 937 (6th Cir. 2006)

9    ("To date, the Supreme Court has yet to rule whether the judiciary is authorized to rewrite 28 U.S.C.

10   § 2255 to include other 'equitable' grounds of tolling not provided for by Congress.") (Griffin, J.,

11   dissenting).

12    Nevertheless, the Ninth Circuit has held the statute of limitations is subject to equitable

13   tolling. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The Ninth Circuit has held that

14   equitable tolling applies when extraordinary circumstances beyond a petitioner's control make it

15   impossible to file a claim on time. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).[1/]

16   Equitable tolling is unavailable in most cases. *Prunty*, 187 F.3d at 1107. "[T]he threshold necessary

17   to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*,

18   292 F.3d at 1066. The principle does not extend to what are, at best, "garden variety" contentions

19   of excusable neglect. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.

20   2d 435 (1990); *cf. Barrow v. New Orleans S.S. Ass'n.*, 932 F.2d 473, 478 (5th Cir. 1991) ("lack of

21   knowledge of applicable filing deadlines," "lack of representation," "unfamiliarity with the legal

22   process," and "ignorance of legal rights" generally do not justify tolling).

23   ///

24   ///

25

26    1. In *Pace*, 544 U.S. 408, the Supreme Court held that, assuming equitable tolling exists, the
petitioner must establish he has been pursuing his rights diligently and that some extraordinary

27   circumstances stood in his way. *Id.* at 418. A panel of the Ninth Circuit has explained that it is
unclear whether the Supreme Court in *Pace* "lowered the bar somewhat" when it stated the standard

28   in less absolute terms. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n. 5 (9th Cir. 2005).

1    **A.    The Date The Judgment Became Final**

2           Petitioner did not file a petition for review seeking review of the State Court of Appeal's

3    opinion in case number D044713, affirming the judgment.  The Ninth Circuit has held that, if a

4    petitioner does not seek review of the intermediate state appellate court's opinion, the judgment

5    becomes final upon the expiration of the time for seeking direct review in the state's highest court.

6    *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001).  In California, a conviction becomes

7    final 40 days after the court of appeal files its opinion.  Cal. Ct. R. R. 8.264, R. 8.500(e)(1)[2]; *Smith*

8    *v. Duncan*, 297 F.3d 809 (9th Cir. 2002).  The California Court of Appeal filed its opinion in case

9    number D044713 on January 28, 2005.  Accordingly, the judgment became final 40 days later, on

10   March 9, 2005.

11   **B.    Petitioner Does Not Qualify For A Later Start Date Under The Provisions Of
           Sections 2244(d)(1)(B), 2244(d)(1)(C), or 2244 (d)(1)(D)**

12

13          The FAP presents four grounds for relief: (1) ineffective assistance of counsel, based on

14   counsel's alleged failure to file a discovery motion and alleged failure to investigate the basis for

15   Petitioner being stopped by the police; (2) a Fourth Amendment violation; (3) prosecutorial

16   misconduct, based on the prosecution's alleged failure to allow the defense access to exculpatory

17   evidence; and (4) judicial misconduct, based on the trial court's alleged failure to enforce its order

18   to produce.  (FAP, at 6-9.)  As the claims do not involve a state-created impediment to filing a

19   federal habeas petition, Petitioner is not entitled to a later start under 28 U.S.C. § 2244(d)(1)(B).

20   Similarly, as the claims are not based on a constitutional right newly recognized by the Supreme

21   Court and made retroactive, Petitioner is not entitled to a later start date under 28 U.S.C. §

22   2244(d)(1)(C).  Likewise, as the claims are based on facts known to Petitioner since the date of trial,

23   Petitioner is not entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D)

24   **C.    Tolling**

25          As discussed above, Petitioner's judgment became final on March 9, 2005.  Thus, he had

26   until March 10, 2006, to timely file a federal petition.  Nevertheless, Petitioner did not file his federal

27   _____

28          2.  Former Cal. Ct. R. 24, R. 28, R. 45.

1  Petition until January 18, 2008. Thus, absent statutory or equitable tolling, the Petition is untimely.

2          As to statutory tolling, the statute of limitations is tolled for the time a properly filed

3  application for state post-conviction or other collateral review with respect to the pertinent judgment

4  or claim is pending. 28 U.S.C. § 2244(d)(2); *see Carey v. Saffold*, 536 U.S. 214, 222, 122 S.

5  Ct. 2134, 153 L. Ed. 2d 260 (2002) (a petitioner is entitled to statutory tolling while he completes

6  one full round of collateral review). Petitioner filed his first application for post-conviction collateral

7  review on February 27, 2006, when he filed his habeas petition in San Diego County Superior Court

8  case number HSC10808. Thus, he commenced his initial collateral attack on the judgment with only

9  13 days remaining in the limitations period. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9 Cir.

10  1999) (the limitations period is not tolled for the period between finality of judgment and the filing

11  of an application for post-conviction or other collateral review in state court, since no state court

12  application is pending). After the superior court petition was denied, on April 6, 2006, Petitioner

13  waited 110 days before filing his next state  application for habeas relief, i.e., the July 24, 2006

14  petition in California Court of Appeal case number D049057. Thus, the 13 days remaining in the

15  limitations period elapsed while there was no state petition pending that might have tolled the statute.

16          The Ninth Circuit has held, however, that petitioners are entitled to statutory tolling for

17  the interval between the disposition of a state habeas petition and the filing of a petition at the next

18  state appellate level. *Nino v. Galaza*, 183 F.3d at 1006-07. Therefore, statutory tolling is available

19  for the periods between state habeas petitions when the petitions comprise "one complete round of

20  the State's established appellate review process." *Id.* at 1005; *see also Delhomme v. Ramirez*, 340

21  F.3d 817, 821 n. 3 (9th Cir. 2003) ("the crucial issue for tolling purposes is whether the petitioner has

22  timely proceeded *to the next appellate level*, since the on-year filing period is tolled to allow the

23  opportunity to complete one full round of review.") (emphasis added); *see Evan v. Chavis*, 126 S.

24  Ct. 846, 853, 163 L. Ed. 2d 684 (2006) (California prisoners are entitled to tolling during the gap

25  between state petitions only if those subsequent petitions are filed within a reasonable time).

26  Consequently, theoretically Petitioner might be entitled to gap tolling for the period between the

27  denial of his superior court petition and the filing of his appellate court action, and for the period

28  ///

1  between the denial of his appellate court application and the filing of his California Supreme Court

2  petition.[3/]

3        But gap tolling cannot render the FAP timely here and save Petitioner. Over nine months

4  passed between the date the California Supreme Court denied the habeas petition in case number

5  S150730 and the date Petitioner filed the dismissed habeas petition in the instant case, and the

6  limitations period is not tolled for the period between the completion of state review and the filing

7  of an application for post-conviction or other collateral review in federal court. 28 U.S.C. §

8  2244(d)(2); *see Duncan v. Walker*, 533 U.S. at pp. 172-73 (a federal habeas petition does not toll the

9  limitations period). Thus, the remaining 13 days of the limitations period were exhausted nine

10  months prior to Petitioner filing his federal application. Therefore, absent equitable tolling, the FAP

11  is untimely.

12        As to equitable tolling, Respondent submits 28 U.S.C. § 2244(d) does not allow for

13  equitable tolling. But it is not necessary to go into an analysis in this case as to why. Petitioner has

14  not asserted a claim for equitable tolling. Nor is there anything in the FAP or its supporting

15  documents that would constitute an implied claim for equitable tolling, or a basis for such had it been

16  claimed. Accordingly, equitable tolling is not an issue in this case, and the Petition is untimely.

17

18

19

20

21

22

23

24

25

---

26      3. Five and one-half months elapsed between the date Petitioner's habeas application in the

27  California court of appeal was denied, and the date he filed his California Supreme Court petition.
   In *Evan v. Chavis*, 126 S. Ct. 846, the Supreme Court held that an interval of six months was too

28  long to constitute a reasonable time frame for gap tolling. *Id.* at 854.

1

## CONCLUSION

2      For the foregoing reasons, Respondent respectfully submits the instant Petition should be

3   dismissed with prejudice.

4      Dated:  June 26, 2008

5                                  Respectfully submitted,

6                                  EDMUND G. BROWN JR.
                                   Attorney General of the State of California

7                                  DANE R. GILLETTE
                                   Chief Assistant Attorney General
8
                                   GARY W. SCHONS
9                                  Senior Assistant Attorney General

                                   KEVIN VIENNA
10                                 Supervising Deputy Attorney General

11

12                                 s/Douglas P. Danzig

13                                 DOUGLAS P. DANZIG
                                   Deputy Attorney General
14
                                   Attorneys for Respondent

15   DPD:dp
     70128637.wpd
16   SD2008700256

17

18

19

20

21

22

23

24

25

26

27

28

08cv0115-L (JMA)

9

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Marvin L. Johnson v. James E. Tilton, Secretary of the California
Department of Corrections and Rehabilitation**

No.:   **08cv0115-L (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On June 26, 2008, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

Marvin L. Johnson
J-13433
California Medical Facility
State Prison
P.O. Box 2000
m3/3320
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 26, 2008, at San Diego, California.

| D. Perez | | |
|---|---|---|
| Declarant | | Signature |

70128646.wpd