UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. JOHNSON, | ) Civil No. 08-CV-0115-L (JMA) |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION RE** |
| v. | ) **MOTION TO DISMISS PETITION FOR** |
| | ) **WRIT OF HABEAS CORPUS** |
| JAMES E. TILTON, etc., | ) |
| Respondent. | ) |

**1.  Introduction And Procedural Background.**

　　Petitioner is a state prisoner. On April 6, 2004, Petitioner pled guilty to one count of unlawful possession of a billy (Cal. Penal Code § 12020(a)(1)), and he admitted a prior strike and two prison priors (Cal. Penal Code §§ 667(b)-(I), 1170.12, & 667.5(b).) (See Respondent's Lodgment Item No. 1 at 1.) Thereafter, he was sentenced to 44 months in prison. (Id.) Petitioner appealed, and the Court of Appeal denied the appeal and affirmed the judgment in an unpublished decision filed on January 28, 2005. (Id. at Exh. 1) Petitioner did not file a Petition for Review in the California Supreme Court.

On February 13, 2006, Petitioner constructively filed[1] a Petition for Writ of Habeas Corpus in San Diego Superior Court (Case No. HSC 10808), contending that trial counsel and appellate counsel were constitutionally ineffective, his Fourth Amendment rights were violated, the prosecution engaged in misconduct, the trial judge engaged in misconduct, and his guilty plea was not voluntary. (See Lodgment Item No. 2.) That court denied the petition on April 6, 2006. (Lodgment Item No. 1.) On June 24, 2006, Petitioner constructively filed a Petition for Writ of Habeas Corpus in the California Court of Appeal (Case No. DO49057), raising the same claims raised in his petition filed in the superior court. (Lodgment Item No. 3.) On September 20, 2006, that court denied the petition. (Lodgment Item No. 4.) On March 5, 2007, Petitioner constructively filed a Petition for Writ of Habeas Corpus in the California Supreme Court (Case No. S150730), raising the same claims raised in his previous state petitions. (Lodgment Item No. 5.) On March 28, 2007, the California Supreme Court denied the petition. (Lodgment Item No. 6.)

On January 18, 2008, Petitioner constructively filed this federal Petition for Writ of Habeas Corpus in United States District Court, contending that: 1) trial counsel was constitutionally ineffective, (2) his Fourth Amendment rights were violated, (3) the prosecutor engaged in misconduct, and (4) the trial judge engaged in misconduct. (Petition [Dkt. No. 1] at 6-9.) After the Court ordered the Petition dismissed without

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988); Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000).

prejudice for failure to name a proper respondent [Dkt. No. 3], on March 24, 2008, Petitioner filed a First Amended Petition raising the same claims, but including additional detail. (First Amended Petition [Dkt. No. 4].) On June 26, 2008, Respondent filed a Motion to Dismiss the First Amended Petition, contending that it is time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)[2]. [Dkt. No. 9.] Petitioner did not file an Opposition to the Motion to Dismiss.

As discussed below, the First Amended Petition should be dismissed with prejudice because it is time-barred.

**2.   The First Amended Petition Is Time-Barred Under The AEDPA.**

The First Amended Petition should be dismissed. The AEDPA's statute of limitations applies to Petitioner's presentation of claims in this Court. Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1286-1287 (9th Cir. 1997), as amended on denial of rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on other grounds in Calderon v. U.S. District Court, 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999). The conclusion of direct review of Petitioner's conviction

---

[2] 28 U.S.C. § 2244(d)(1) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

occurred on March 9, 2005, the last day for Petitioner to file a Petition for Review in the California Supreme Court. (See Cal. Rules of Court, Rules 8.264(b)(1) & 8.500(e)(Court of Appeal decision is final 30 days after filing; petitioner has 10 days thereafter to petition California Supreme Court for review). Accordingly, absent any applicable tolling, Petitioner had until March 10, 2006 to file his federal habeas Petition. Id.; see Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001)(Rule 6(a), F.R.Civ.P., governs the calculation of the 1-year statute of limitations period of the AEDPA).

Because Petitioner filed applications for state post-conviction relief during the time that the statute of limitations would otherwise have been running, a tolling analysis pursuant to § 2244(d)(2) is necessary.[3] Under this analysis, the March 10, 2006 date for expiration of the one-year period within which Petitioner could timely file his federal Petition is extended by the number of days the statute of limitations was tolled.

As set out above, Petitioner did not constructively file an "application for State post-conviction or other collateral review" following the conclusion of direct review of his conviction until February 13, 2006. At that point, 341 of the 365 days allowed by the statute of limitations had already expired. Based on Petitioner's filing of that petition in the California Superior Court (and his filing of the subsequent petitions raising

---

[3] 28 U.S.C. § 2244(d)(2) states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

the same claim in the California Court of Appeal and California Supreme Court, respectively), Petitioner is entitled to tolling of 408 days for the period from February 13, 2006 to March 28, 2007 (the entire time during which his three petitions for writs of habeas corpus were pending before the California courts). <u>Carey v. Saffold</u>, 536 U.S. 214, 222-223 (2002). That tolled time thus extended the deadline for filing a federal Petition from March 10, 2006 to Monday April 23, 2007.

As set forth above, Petitioner did not constructively file his original federal Petition until January 18, 2008, nine (9) months after the statute of limitations had expired on April 23, 2007. Because the 1-year statute of limitations had already expired when Petitioner filed the present Petition in this Court, the Petition is time-barred.

**3.   Conclusion and Recommendation.**

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner did not timely file his Petition under the AEDPA. Therefore, this Court hereby recommends that Respondent's Motion to Dismiss the Petition be **GRANTED**, the Petition be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable M. James Lorenz, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than <u>September 26, 2008</u>, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than October 10, 2008.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  August 29, 2008

_____
Jan M. Adler
U.S. Magistrate Judge