UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARVIN L. JOHNSON, Sr., | ) | Civil No. 08cv115-L(JMA) |
| Petitioner, | ) ) | **ORDER (1) EXTENDING TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION; (2) CONSTRUING PETITIONER'S UNTIMELY FILING AS OBJECTION TO REPORT AND RECOMMENDATION; AND (3) DENYING PETITION AS UNTIMELY** |
| v. | ) ) | |
| JAMES E. TILTON, *et al.*, | ) ) | |
| Respondents. | ) ) ) | |
| _____ | ) | |

    Petitioner Marvin L. Johnson, Sr., then a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner claimed his trial counsel was ineffective, his Fourth Amendment rights were violated, and the prosecutor and the trial judge engaged in misconduct. The case was referred to United States Magistrate Judge Jan M. Adler for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

    Petitioner filed a motion to dismiss the Petition as time-barred under 28 U.S.C. § 2244(d). Petitioner did not oppose the motion. On August 29, 2008, the Magistrate Judge issued a Report and Recommendation recommending the Petition be denied as time-barred. On October 31, 2008, the court granted Petitioner's first request for extension of time. Petitioner did not timely file his objections to the report and recommendation pursuant to the October 31, 2008 order. On December 31, 2008 Petitioner, now on parole, filed his second Request for Extension of Time

and a pleading styled as "(1) Answer to Response of James E. Tilton (2) Opposing Motion to Dismiss" ("Opposition"). Petitioner claims that the parole authorities did not timely forward his legal mail to him. For good cause shown, the time for Petitioner's objections to the report and recommendation is hereby extended. Upon review of Petitioner's Opposition, submitted concurrently with the request for extension of time, the Court construes it as objections to the Report and Recommendation.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

Petitioner contends his Petition was timely under *Clay v. United States*, 537 U.S. 522 (2003). This argument is without merit because *Clay* is inapposite because it addresses the application of statute of limitations applicable to motions pursuant to 28 U.S.C. § 2255 and not to the statute applicable to Petitions under 28 U.S.C. § 2254.

Petitioner also argues that Respondents' motion to dismiss should be denied because it was filed after the due date set forth in the March 27, 2008 order. Although the motion was untimely filed, which this Court does not condone, the filing of the motion demonstrates that Respondents did not intend to waive the statute of limitations defense. Furthermore, Petitioner was served with the motion and was given an opportunity to respond. He does not assert any prejudice by the court's consideration of the issue. Even if Respondents had not raised the time bar issue, a district court may consider it *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

Last, Petitioner points to his exhibits and argues that the Petition was not untimely. However, the record shows that after giving Petitioner the benefit of the prison mailbox rule, *see*

1 | *Houston v. Lack*, 487 U.S. 266, 276 (1988) & *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir.
2 | 2000), and the statutory tolling under 28 U.S.C. § 2244(d)(2), the Petition was filed several
3 | months after the expiration of the one-year statute of limitations.
4 |     For the foregoing reasons, the Report and Recommendation is **ADOPTED**. Petitioner's
5 | objections are **OVERRULED**, and the Petition is **DISMISSED** as untimely.
6 |     **IT IS SO ORDERED.**

DATED: January 8, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL